UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PURVIS EUGENE ROBINSON, )<br>)<br>Defendant. ) | Case No. 07-10048 |

# O R D E R

Defendant has responded (Doc. 23) to the Court's requirement that he file a response to the Order of May 6, 2008 (Doc. 22) either conceding that the retroactive Amendment to the crack cocaine guideline does not apply to him because he was sentenced based on the applicable statutory mandatory minimum or to explain why the Amendment applies in spite of his sentence based on the applicable statutory mandatory minimum.

The gist of Defendant's refusal to concede the inapplicability of the crack cocaine Amendment appears to be an argument that the Government and his attorney withheld relevant information from the Court at his sentencing. Specifically, Defendant claims that he cooperated under his Proffer Agreement with the Government; and because he provided substantial assistance to the Government within the meaning of U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), he should have been the beneficiary of a motion for a sentence below the advisory guideline range and the statutory mandatory minimum. Mr. Robinson's claim (which can be construed as a motion under 28 U.S.C. § 2255) has nothing to do with the crack cocaine amendment and is without merit. Under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), a precondition to any consideration by the Court of a defendant's substantial

assistance is a motion by the Government which was never made in this case; and there is no showing by Defendant sufficient to give the Court a legal basis to look behind the Government's refusal or failure to file a substantial assistance motion. See Wade v. United States, 504 U.S. 181 (1992). Wade stands for the proposition that the Court is only authorized to review the Government's refusal to file a substantial assistance motion upon a finding that a defendant has made a "substantial threshold showing" that the Government's refusal was because of an unconstitutional motive or had otherwise acted in bad faith.

For the above reasons and as stated in the Court's Order of May 6, 2008, Defendant's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon retroactive application of the Amendment to the crack cocaine guideline is denied with prejudice.

ENTERED this   30th   day of May, 2008.

                                              s/Joe B. McDade
                                              JOE BILLY McDADE
                                            United States District Judge